```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION


GONZALEZ, et al.,               §
     Plaintiffs,                §
                                §
v.                              §   CIVIL ACTION NO. 05-149
                                §
BROOKS WELL SERVICING, INC.,    §
Et al.,                         §
     Defendants.                §
```

## ORDER AND OPINION ON ALL PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR HEARING

On this day came to be heard "All Plaintiffs' Motion to Remand and Request for Hearing" ("Motion to Remand"). This motion is in response to Removal of this case to federal court by Defendant Cummins Diesel Engine Inc. ("Cummins") on March 24, 2005. For the reasons stated herein, the Court will remand this action to the 229th Judicial District Court of Duval County, Texas, where it was originally filed and assigned Cause Number DC-02-246.

### I.   JURISDICTION

Defendants removed this action from the state court on March 24, 2005, pursuant to 28 U.S.C. §§ 1331, 1441 and 1442, and supplemental jurisdiction pursuant to § 1367. The Court determines that it does not have jurisdiction over the above-styled action.

-1-

**II.   BACKGROUND AND PROCEDURAL HISTORY**

This is an action brought in Texas state court by Jo Ann Gonzales, as next friend of Fermin Perez, III; Rosie Ruiz, individually and as representative of the estate of Fermin Perez, Jr.; Fermin Perez, Sr., individually, and Gloria Perez, individually, as wrongful death beneficiaries of Fermin Perez, Jr. (collectively "Plaintiffs") for recovery of monetary damages for injuries to said Plaintiffs, including the death of Fermin Perez, Jr. ("Decedent").  In their Third Amended Petition, Plaintiffs allege that Decedent worked from the early 1990s until just before he died in October of 2000 as a mechanic for some of the defendants on diesel powered trucks and equipment which were designed, manufactured, marketed and sold by certain other defendants.  Manufacturers of the diesel fuel are also named defendants.  Plaintiffs allege that during the course of that work, Decedent was exposed to excessive amounts of diesel exhaust which he breathed into his lungs.  Plaintiffs allege that as a result of that exposure, Decedent developed acute myelogenous leukemia, which ultimately led to his death.

Plaintiffs filed this action in the 229th Judicial District Court of Duval County, Texas, on September 30, 2002, where it was assigned Cause Number DC-02-246.  The Plaintiffs' state law causes of action include negligence, gross negligence, failure to warn and/or failure to take reasonable precautions, and strict

product liability.  Cummins removed the case to this Court on March 24, 2005, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, and federal officer jurisdiction pursuant to 28 U.S.C. § 1442 (a)(1).  Plaintiffs filed a Motion to Remand on April 25, 2005, to which Cummins filed a response on May 6, 2005.

## III. DISCUSSION

**A. Removal Generally**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989).  "In determining whether remand is appropriate, [a] court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Id.

Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947).  It is well-settled law that the removing party bears the burden of showing that the removal was proper. Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating the

jurisdictional basis for removal. <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995).

**1. Timeliness**

A notice of removal must be filed "within thirty days after receipt by defendant, through service or otherwise, of a copy of the initial pleading...." 28 U.S.C. § 1446(a). The thirty day period starts to run when the defendant receives an initial pleading that affirmatively reveals on its face diversity or federal question jurisdiction. <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 525 (5th Cir. 1994).

**2. Other Paper**

Pursuant to 28 U.S.C. § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is ... removable." <u>Id.</u>

The Fifth Circuit has held that "if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." <u>Chapman</u>, 969 F.2d at 164. By that logic, a post-complaint demand or settlement letter may constitute "other paper." <u>Addo v. Globe Life and Accident Ins. Co.</u>, 230 F.3d 759, 761-762 (5th Cir. 2000). Additionally, "other paper" requires a "voluntary act by

-4-

the plaintiff." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). A case cannot become removable by "evidence of the defendant or by an order of the court." Id. (finding defense counsel's affidavit of his understanding of the amount in controversy not to be "other paper," but deposition testimony of plaintiff's officer was "other paper"). The Fifth Circuit has held that an answer to an interrogatory constitutes an "other paper." Chapman v. Powermatic, Inc., 969 F.2d 160,164 (5th Cir. 2002).

The Fifth Circuit also requires that the information supporting removal under the second paragraph of 28 U.S.C. Section 1446(b) -- referring to a case not removable by its initial pleadings -- be "unequivocally clear and certain." Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). This is a higher standard than that required for removal under the first paragraph of 28 U.S.C. Section 1446(b) where the standard is that the initial pleading is "setting forth" a removable claim. Id. (explaining that "to set forth" means "to give an account" whereas the second paragraph uses the word "ascertained" which means "to make certain").

The case at bar was not removable when the Original Petition was filed in state court on September 20, 2002, due to the lack of complete diversity between the parties, pursuant to 28 U.S.C. § 1332. Cummins now asserts that the action is removable to

federal court because it could have been filed originally under federal question jurisdiction conferred by 28 U.S.C. § 1331.

Cummins asserts that when the Plaintiffs originally filed suit, the basis of their suit was not clear, as Plaintiffs had not alleged a specific Cummins product at issue in the case.  The language in the Plaintiffs' Original Petition read as follows: "Plaintiffs' decedent worked for many years as a mechanic on diesel powered trucks and equipment."  Cummins states that until March 16, 2005, when Plaintiffs' counsel confirmed in writing that "Mr. Perez serviced diesel engines in tractor trucks and in smaller trucks (i.e. Dodge Cummins, and that type of vehicle) ...." (Plaintiff's letter of March 16, 2005 to Cummins)("the Letter"), Cummins had no way of knowing to which of its products, if any, Decedent was exposed.  Cummins construes the Letter as an "other paper."  Consequently, Cummins argues that its Removal on March 24, 2005, is procedurally proper and timely.  For the purpose of this analysis of timeliness, and pursuant to the Fifth Circuit's holding in Chapman, supra, the Court will construe the Letter produced in discovery as an "other paper."

Contrary to the assertions of Cummins, the Court finds that Cummins could have ascertained the cause of action from the Plaintiffs' Original Petition, pursuant to Federal Rules of Civil Procedure Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to

-6-

relief."  It is well-settled law that general allegations are acceptable, as a plaintiff will eventually be required to provide further evidence upon discovery.  "Such simplified notice pleading is made possible by a liberal opportunity for discovery and other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41, 47-48 (1957).

Plaintiffs' Original Petition filed in September of 2002 asserted that Decedent's leukemia and subsequent death was allegedly caused by exposure to excessive amounts of diesel exhaust during the course of his work as a mechanic on diesel powered trucks and equipment.  Cummins would have the Court believe that it took two and a half years for Cummins to ascertain the basis of the Plaintiffs' cause of action against Cummins, and then only after the Letter from Plaintiffs stating that "Mr. Perez serviced diesel engines in tractor trucks and in smaller trucks."  In addition to finding that Cummins should have been aware of the claims against it by the short and plain notice of the case it received in the Original Petition, the Court finds that the March 16, 2005 Letter, or "other paper" Cummins relies on is not "unequivocally clear and certain," as is required under 28 U.S.C. Section 1446(b).  Despite Cummins' claim that the Letter is its first indication of the basis of plaintiffs' suit,

i.e., diesel emissions of its mobile source engines, Cummins' argument that Plaintiffs had not alleged a specific Cummins product at issue in the case still remains largely unaddressed. For these reasons, the Court finds that the Letter does not meet the requirements of an "other paper."  Consequently, the Court finds that Cummins' Removal is not timely, and will remand the case to the state court in which it originated on that basis. However, assuming, arguendo, that Cummins' Removal was timely, Removal would still fail because Cummins cannot remove based on a federal defense of preemption.

**B.  Removal Based on a Federal Defense of Preemption**

As a threshold matter, "[i]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)(emphasis in original).  "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 810, n.6 (1986).  The Fifth Circuit has held that "[a] defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an element, and an essential one, of the plaintiff's cause of action.  For example,

a defense that relies on the preemptive effect of a federal statute will not provide a basis for removal." Hoskins v. Bekin Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).  Congress has carved out exceptions under specific federal statutes,[1] which not only preempt state law but authorize actions that seek relief only under state law. Id. at 773.  The Clean Air Act contains its own preemptive provision,[2] delineating the field Congress intended to occupy.  In addition, the Clean Air Act does not provide for a private cause of action for compensatory damages, but instead provides a cause of action for enforcement of the regulations. 42 U.S.C. § 7604(a).  "To hold that the Clean Air Act preempts purely private state law causes of action for damages would preclude relief for any person who can prove the elements of common law claims.  Such a result is clearly not intended under, and would not further the goals of, the Clean Air Act." Gutierrez v. Mobil Oil Corp. 798 F.Supp. 1280, 1284

---

[1] For example, the Supreme Court has held that § 502 of the Employee Retirement Income Security Act (ERISA); § 301 of the Labor Management Relations Act (LMRA); and §§ 85 and 86 of the national Bank Act provide complete preemption. Hoskins, 343 F.3d at 773.

[2] 42 U.S.C. § 7543 (a) provides that "[n]o State or any political subdivision thereof shall adopt or attempt to enforce any standard relating to the control of emissions from new motor vehicles or new motor vehicle engines subject to this part.  No State shall require certification, inspection, or any other approval relating to the control of emissions from any new motor vehicle or new motor vehicle engine as condition precedent to the initial retail sale, titling (if any), or registration of such motor vehicle, motor vehicle engine, or equipment."

(W.D.Tex. 1992). The Supreme Court found that it would flout Congressional intent to exercise federal question jurisdiction solely because a violation of the federal statute is said to be an element of a state law cause of action. Merrell Dow, 478 U.S. at 812.

Plaintiffs make no mention of federal claims in their Original Petition or subsequent Amended Petitions, and Cummins removed the case based on the federal defense of complete preemption. The Court finds Cummins improperly removed based on the assertion of a federal defense. Because the Court has found sufficient reason to remand this case, Cummins' assertion that the case is also removable under federal officer jurisdiction pursuant to 28 U.S.C. § 1441 (a)(1) need not be addressed.

## IV. Conclusion

For the reasons set forth above, the Court hereby GRANTS the Plaintiffs' Motion to Remand. This action is hereby REMANDED to the 229th Judicial District Court of Duval County, Texas, where it was originally filed and assigned Cause Number DC-02-246.

SIGNED and ENTERED this 10th day of June, 2005.

_____
Janis Graham Jack

```
                                        United States District Judge
```